IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EUGENE BROXTON, Petitioner, | § § § |
| v. | § § § |
| WILLIAM STEPHENS, DIRECTOR, DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondent. | § § § § § § |

C.A. NO. 4:11-cv-00315

**ORDER APPOINTING SUCCESSOR COUNSEL PURSUANT TO TITLE 18 U.S.C. § 3599(a)(2) and § 3599(d) AND GRANTING LEAVE TO SUCCESSOR COUNSEL TO FILE AN AMENDED PETITION**

On February 4, 2010, Petitioner filed a motion for appointment of counsel to assist him in litigating claims for habeas relief brought pursuant to Title 28 U.S.C. § 2254. On February 25, 2010, the Court appointed Robert Rosenberg under the Criminal Justice Act, 18 U.S.C. § 3006 *et seq*. On February 23, 2011, the Court stayed and abated federal proceedings, so Petitioner could exhaust state court remedies. On July 5, 2011, Petitioner returned to federal court and filed a petition for writ of habeas corpus. On August 30, 2013, Respondent filed a motion for summary judgment.

On April 4, 2014, Mr. Rosenberg filed a motion to withdraw in which he explained that serious health conditions prevented him from continuing as Petitioner's attorney. On April 22, 2014, this Court granted the motion to withdraw, and ordered proceedings abated, with the abatement to continue for 180 days after the appointment of new counsel.

Title 18 U.S.C. § 3599(a)(2) states that "any [capital habeas petitioner] who is or becomes financially unable to obtain adequate representation … shall be entitled to appointment

1

of one or more attorneys." Petitioner seeks to vacate or set aside a death penalty. The Court may appoint co-counsel upon a showing of good cause. *See* 18 U.S.C. § 3599 (b)-(d).

Petitioner faces the singularly harsh punishment of death. *Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (MARSHALL, J., plurality opinion) ("In capital proceedings generally, this Court has demanded that fact finding procedures aspire to a heightened standard of reliability.... This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different".) Petitioner's case has a long history in state and federal systems, which includes relief from the federal courts, a second conviction and death sentence, and a stay and abatement for exhaustion of state remedies related to this second conviction and sentence. *See USDC, 4:11-cv-00315, Docket Entry [8]*.

Upon "due consideration [of] the seriousness of the possible penalty and the unique and complex nature of the litigation," 18 U.S.C. § 3599(d), the Court finds good cause to appoint two attorneys to assist Petitioner in litigating habeas causes of action.

Pursuant to the Criminal Justice Act, the Court therefore ORDERS James G. Rytting and Hilder & Associates, P.C., appointed counsel, and ORDERS Cathryn Crawford appointed co-counsel (collectively "successor counsel") each to succeed Mr. Rosenberg.

Rule 15 of the Federal Rules of Civil Procedure applies to federal habeas proceedings. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). In order for a Petitioner to amend pleadings more than 21 days after the date on which a responsive pleading is filed, Petitioner must either secure written consent from his opponent or permission from the Court. FED.R.CIV.P. 15(a)(1) and (2). While the Court has discretion to refuse to allow amendments, leave to amend should be freely given when justice so requires. FED.R.CIV.P. 15(a)(2). The Court finds that circumstances, involving serious health problems, under which Mr. Rosenberg

was compelled to pursue Petitioner's causes of action, and under which he withdrew, favor affording Petitioner leave to file an amended petition.

The Court further ORDERS that successor counsel shall have 180 days from the date of appointment to file an amended petition.

Signed this _____ day of _____, 2014.

_____
Vanessa Gilmore
Unites States District Judge