IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE ALVIN BROXTON, | § § § | |
| Petitioner, | § § | |
| v. | § | H-11-315 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice-Correctional Institutions Division, | § § § § | |
| Respondent. | § § § | |

Order

Petitioner Eugene Alvin Broxton is a death row inmate in the custody of the Texas Department of Criminal Justice. He has filed a petition for a writ of habeas corpus, and amended that petition twice. Respondent filed a motion for summary judgment and to dismiss on August 30, 2013. Broxton responded to the motion on November 4, 2013.

On April 20, 2014, Broxton's counsel filed an unopposed motion to withdraw from the case due to a serious health issue. On April 22, 2014, this Court granted that motion and abated the case until 180 days after new counsel is appointed. Attorneys James G. Rytting and Cathryn Crawford have now agreed to represent Broxton.

On July 2, 2014, Broxton submitted a proposed order appointing Rytting and Green, and granting him leave to file a third amended petition. The Court will construe this proposed order as a motion for leave to file a third amended complaint. Respondent filed a

response opposing the request for leave to amend.

A.    Appointment of Counsel

Title 18 U.S.C. § 3599(a)(2) states that "any [capital habeas petitioner] who is or becomes financially unable to obtain adequate representation . . . shall be entitled to appointment of one or more attorneys." The Court may appoint co-counsel upon a showing of good cause.  18 U.S.C. § 3599(b)-(d).

Capital cases tend to be complex.  This case in particular has a long and complicated procedural history.  Considering the complexity of the issues, the unique procedural complexities of this case, and the lack of opposition from the respondent, petitioner's motion for appointment of counsel will be granted.

B.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil procedure requires, at this point in the litigation, leave of the court before a party can amend a pleading.  The rule provides that "[t]he court should freely give leave when justice so requires."

Broxton has not attached a proposed amended petition or advised the Court as to the nature of his desired amendments.  Under these circumstances, it is impossible to determine if justice requires granting leave to amend.  Therefore, Petitioner's motion for leave to amend will be denied at this time.  Petitioner may request leave to amend at a later date, but must attach his proposed amended petition to any such motion.

Accordingly, IT IS ORDERED that Petitioner's Motion For Appointment of Counsel

and Leave to Amend (Docket Entry 25) is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED THAT James C. Rytting, Esq. and the law firm of Hilder & Associates, P.C. are appointed as counsel, and Cathryn Crawford, Esq, is appointed as co-counsel to represent Broxton; and

IT IS FURTHER ORDERED THAT Petitioner's motion for leave to amend is DENIED.  Petitioner may renew his motion for leave to amend at a later date with a copy of his proposed amended petition attached to any such motion.

SO ORDERED

Signed _____ July 3 _____, 2014, at Houston, Texas.

_____
Vanessa Gilmore
United States District Judge