# UNITED STATES DISTRICT COURTS
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **EUGENE ALVIN BROXTON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 4:11-cv-00315 |
| | § | CAPITAL HABEAS PETITION |
| **WILLIAM STEPHENS, Director, Texas** | § | DEATH PENALTY CASE |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## UNOPPOSED MOTION FOR ENTRY OF STIPULATION

NOW COMES Petitioner Eugene Broxton, through counsel, and respectfully requests that this Court enter the attached Stipulation (Exhibit 1) between Petitioner and Non-Party the United States Drug Enforcement Agency ("DEA") for the production of documents relevant to Mr. Broxton's pending habeas petition. In support of this Motion, Petitioner states as follows:

1. Mr. Broxton currently has a federal habeas petition pending before this court seeking relief from his capital murder conviction and sentence of death, which he is in the process of amending. One of his current claims is that the State violated his right to due process by failing to disclose, or deliberately withholding, evidence that the murder weapon, along with close to $900,000 and a small amount of drugs, was recovered from occupants of a Houston apartment following a shooting five weeks after Mr. Broxton was sentenced to death. *See* 2nd Amended Petition, No. 4:11-cv-00315, ECF No. 9, pp. 43-57, Claim II.

2. The Harris County Sheriff's Office, the law enforcement agency that recovered the weapon and money, communicated about the weapon and money recovery with the Drug Enforcement Agency ("DEA"), which also opened a file into the matter.

3. On May 11, 2015, after exhausting all other efforts to obtain DEA records relating to the investigation into the recovery of the murder weapon, as well as the parties associated therewith, Mr. Broxton sent a letter pursuant to *United States ex rel. Tuohy v. Ragan*, 340 U.S. 462 (1951) and

28 CFR §§16.21-16.26 ("Touhy Letter") requesting that the DEA release these records to him. *See* Touhy Letter, attached hereto as Exhibit 2 (without attachments).

4. The DEA has conditionally agreed to release the records requested in the Touhy Letter under conditions that will protect information subject to the Privacy Act (5 U.S.C. § 552 a).

5. To that end, Mr. Broxton and the DEA have entered into a stipulation governing the production of the responsive materials, which is attached hereto as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Mr. Broxton respectfully requests that the Court enter the Stipulation attached hereto as Exhibit 1.


DATED: July 15, 2015

| | |
|---|---|
| Hilder & Associates, PC | /s/ Cathryn S. Crawford |
| James G. Rytting | Cathryn S. Crawford |
| State Bar of Texas No. 24002883 | State Bar of Texas No. 24077980 |
| 819 Lovett Blvd. | 510 S. Congress, Suite 208 |
| Houston, TX 77006-3905 | Austin, TX 78704 |
| Tel. (713) 655-9111 | Tel. (512) 637-5225 |
| Fax (713) 655-9112 | Fax (512) 637-5224 |
| James@hilderlaw.com | Cathryncrawford5@gmail.com |

Quarles & Brady, LLP.
Kenneth H. Haney
Florida Bar No. 190561
Admitted pro hace vice
1395 Panther Lane, Suite 300
Naples, Florida. 34109
Tel (239) 659-5050
Fax: (239) 213-5406
kenneth.haney@quarles.com

COUNSEL FOR EUGENE BROXTON

**CERTIFICATE OF CONFERENCES**

   I hereby certify that on July 15, 2015, I conferred with Assistant United States Attorney Sam Longoria and he stated that the DEA agrees to the relief requested in this Motion.

               /s/ Cathryn S. Crawford
               Cathryn S. Crawford

   I hereby certify that on July 15, 2015, I sent a copy of this motion to counsel for Respondent, Assistant Attorney General Katherine Hayes via email. Ms. Hayes responded via a telephone call that the Attorney General does not oppose this motion with the understanding that she will receive copies of the documents.

               /s/ Cathryn S. Crawford
               Cathryn S. Crawford

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 15th day of July, 2015 a true and correct copy of the foregoing documents was filed with the Court's CM/ECF system, effectuating service on all counsel of record in this case. A copy was also sent to Assistant United States Attorney Sam Longoria via email.

               /s/ Cathryn S. Crawford
               Cathryn S. Crawford

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE ALVIN BROXTON, | § | |
|    Petitioner, | § | NO. 4:11-cv-00315 |
| | § | CAPITAL HABEAS PETITION |
|    v. | § | DEATH PENALTY CASE |
| | § | |
| WILLIAM STEPHENS, Director, Texas | § | STIPULATION FOR PRIVACY |
| Department of Criminal Justice, | § | ACT ORDER AND ORDER |
| Correctional Institutions Division, | § | |
|    Respondent. | § | |

Petitioner, Eugene Alvin Broxton, by his counsel Cathryn S. Crawford, and the United States Department of Justice, Drug Enforcement Administration, by its counsel Assistant United States Attorney Sam Longoria, United States Attorney's Office, Southern District of Texas, hereby stipulate as follows:

WHEREAS, by way of letter dated May 11, 2015, Petitioner has requested records from the Drug Enforcement Administration pursuant to 28 Code of Federal Regulations §§ 16.21-16.29;

WHEREAS, any records responsive to Petitioner's request may contain information subject to the Privacy Act, 5 U.S.C. § 552(a);

NOW, THEREFORE, IT IS STIPULATED that:

1. The Drug Enforcement Administration may produce records responsive to Petitioner's May 11, 2015 request for records pursuant to 5 U.S.C. § 552a(b)(11), which may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, in whole or in part.

2. The Drug Enforcement Administration may designate as subject to this Protective Order any record responsive to Petitioner's May 11, 2015 request that is a record subject to the Privacy Act or that contains or refers or relates to records that are subject to the Privacy Act.

1

**Exhibit 1**

3. The parties to this case may not use records produced pursuant to Petitioner's May 11, 2015 request for any purpose other than for litigation in the captioned case and any appeals from orders in this case.

4. A party to this case may challenge any Privacy Act designation by the Drug Enforcement Administration through a motion in this Court.

DATED: July 15, 2015

| | |
|---|---|
| Hilder & Associates, PC<br>James G. Rytting<br>State Bar of Texas No. 24002883<br>819 Lovett Blvd.<br>Houston, TX  77006-3905<br>Tel. (713) 655-9111<br>Fax (713) 655-9112<br>James@hilderlaw.com | /s/ Cathryn S. Crawford<br>Cathryn S. Crawford<br>State Bar of Texas No. 24077980<br>510 S. Congress, Suite 208<br>Austin, TX  78704<br>Tel. (512) 637-5225<br>Fax (512) 637-5224<br>Cathryncrawford5@gmail.com<br><br>Quarles & Brady, LLP.<br>Kenneth H. Haney<br>Florida Bar No. 190561<br>Admitted pro hace vice<br>1395 Panther Lane, Suite 300<br>Naples, Florida. 34109<br>Tel (239) 659-5050<br>Fax: (239) 213-5406<br>kenneth.haney@quarles.com<br><br>COUNSEL FOR EUGENE BROXTON<br><br>/s/ Sam Longoria<br>Sam Longoria<br>Assistant United States Attorney<br>United States Attorney's Office<br>Southern District of Texas<br><br>COUNSEL FOR THE DRUG ENFORCEMENT ADMINISTRATION |

Pursuant to the parties' stipulation, it is SO ORDERED:

SIGNED ON THIS _____ day of July, _____2015, at Houston, Texas.

                                                      _____
                                                      HON. VANESSA D. GILMORE
                                                      United States District Judge

**CATHRYN CRAWFORD**
510 S. CONGRESS AVENUE, STE 208
AUSTIN, TEXAS 78704
(512) 637-5225 (o) (773) 456-0524 (c)
(512) 637-5224 (f)
CathrynCrawford5@gmail.com

May 11, 2015

*VIA EMAIL*

Bernard Hobson, Division Counsel
United State Drug Enforcement Agency, Houston Division
1433 West Loop South, Ste 600
Houston, Texas 77027
Bernard.E.Hobson@usdoj.gov

      RE:    *"Touhy" justification for documents from the Drug Enforcement Agency*

Dear Mr. Hobson,

Along with co-counsel, I represent Mr. Eugene Broxton in a pending federal habeas proceeding in the United States District Court for the Southern District of Texas (Broxton v. Stephens, Case No. 4:11-cv-00315 ). Mr. Broxton is currently on death row in Texas. In accordance with 28 CFR §§16.21-16.26, I am writing to request that you authorize the release of Drug Enforcement Agency ("DEA") records related to: (1) the recovery of a weapon, drugs, and money from an apartment in Houston, Texas on June 12, 1992;(2) five people associated with the weapon and money; and (3) a key witness against Mr. Broxton. As outlined below, release is warranted because these records do not fall within any of the statutory bars against disclosure and they are relevant, and potentially critical, to Mr. Broxton's federal habeas claims.

**Relevant Background**

Sheila Dockens was murdered in a motel room in Channelview, Texas on May 16, 1991 with a gun belonging to the victim's husband, who was also shot[1]. Mr. Broxton was arrested on unrelated charges approximately 28 hours after the homicide. The murder weapon used to kill Mrs. Dockens was not recovered from Mr. Broxton, nor was it in his apartment.

On May 6, 1992, based in large part on the testimony of Christopher Shook, a known drug user who actually had several of the Dockens' belongings in his possession shortly after the crime,

---

[1] The gun was a .44 caliber handgun (serial number N893047).

**Exhibit 2**

Mr. Broxton was convicted in Harris County of capital murder and sentenced to death. Five weeks later (6/12/92) detectives from the Harris County Sheriff's Office ("HCSO") were dispatched regarding a "shooting, two wounded or dead and a large amount of money". When the detectives arrived, they found a man (Kobie Mendenhall) and a woman (Stacey Lysak) in bed. The two told police that armed robbers had come into the apartment several hours earlier and that Mendenhall shot at the men, but no one was harmed. The detectives found two pistols in the apartment, one of which was determined to the weapon that was used to kill Mrs. Dockens. They also recovered $888,598.00 and a small amount of drugs. Mendenhall said that the weapon belonged to Carl Smith, a "big time drug dealer", and that the apartment belonged to a woman named Carla Smith. The detectives also learned that in addition to Mendenall, a man named Derek Thomas also stayed in the apartment.

A few days later, HCSO Detective Ray Daniels purportedly received a call from a confidential informant who advised that an inmate in the Harris County jail, Thaddius "Cricket" Goins, told someone that he had gotten the weapon from Mr. Broxton. The detective conveyed all of this information to one of the detectives assigned to the Dockens' murder, who in turn informed one of the prosecutors assigned to the Dockens' case. The prosecutor did not, however, convey any of this information to Mr. Broxton's lawyers.

The DEA apparently opened a file relating to this matter on July 2, 1992 (see redacted *Report of Investigation*, File No. M3-90-0016) attached hereto as Exhibit A.[2]

Eight years later, the DEA apparently had renewed (or continued) interest in the HCSO investigation, as on April 25, 2000, the HCSO sent a seven page facsimile relating to Offense Number 9206120646 (the number the HCSO assigned to the matter) to Ray Daniel of the DEA. A copy of the facsimile cover sheet is attached hereto as Exhibit B.[3]

Eleven months later, in March 2001, Mr. Broxton was granted relief in federal court due to the improper admission of testimony in the punishment portion of his trial. During the resentencing proceedings, the State did not inform defense counsel that the murder weapon had been recovered shortly after Mr. Broxton's original trial. Further, the State used a .44 caliber handgun from the police vault as demonstrative evidence when questioning the victim's husband (and owner of the gun), thereby leaving the impression that the gun was never found.

Mr. Broxton was resentenced to death after a jury trial in November 2003. It was not until 2011 that his lawyer learned for the first time of the weapon recovery. Mr. Broxton has a federal habeas petition pending, which he is in the process of amending.[4] He is raising three claims relevant to this request: (1) the State committed *Brady / Napue* violations when it failed to

---

[2] This document was obtained pursuant to a request under the Freedom of Information Act, which is discussed later in this letter.
[3] We do not currently have possession of the remaining six pages referenced in the facsimile, as the HCSO cannot locate it in its files.
[4] Mr. Broxton's original habeas counsel had to withdraw due to health issues in 2014. Mr. Broxton has been given until September 8, 2015 to file an amended habeas petition and accompanying motion for leave to file it.

disclose the recovery of the weapon; (2) alternatively, defense counsel was ineffective for failing to discover and investigate this information; and (3) Mr. Broxton is actually innocent.

Efforts to obtain the records through alternate means partially failed

In 2014, after being appointed as substitute counsel, we attempted to obtain the complete HCSO file relating to the recovery of the murder weapon. While the HCSO has been cooperative with us, it has not been able to locate the documents that were attached to the facsimile that it sent to the DEA. In addition, it appears that other documents relating to this investigation have been misplaced or lost.

On October 24, 2014, co-counsel submitted a request to the DEA pursuant to the Freedom of Information Act ("FOIA request") for records relating to the recovery of the murder weapon, drugs, and money and the five people associated therewith, as well as records relating to Christopher Shook (the key witness against Mr. Broxton who may have been the "confidential informant" when the gun was later recovered). A copy of the FOIA request is attached hereto as Exhibit C.[5] The DEA assigned the request Case # 15-00068-F.

After several communications with co-counsel, the DEA ultimately provided a three page "Report of Investigation", most of which has been redacted pursuant to one or more of the following provisions of FOIA or the Privacy Act, 5 U.S.C. § 552a: § 552(b)(7)(C) (unwarranted invasion of privacy; § 552(b)(7)(D) (confidential source); § 552(b)(7)(E) (law enforcement investigative techniques); and § 552a(j)(2) (investigative efforts pertaining to enforcement of criminal law).[6] A copy of the letter portion of the Response is attached hereto as Exhibit D.[7]

Rather than continue pursuing these documents through FOIA procedures, and in light of the diminishing time in which we have to file our amended petition, we decided it would be prudent to pursue a more formal, and hopefully quicker, route. Because this matter falls within the purview of 28 C.F.R. §§16.21-16.26, and due to the importance of the information sought, we are requesting that you approve disclosure of the records listed below.

**Requested DEA documents**

1. A complete copy of the DEA File No. M3-90-0016, including but not limited to an un-redacted copy of the DEA Report of Investigation dated 7/2/92 (*see* Ex. A)

2. All documents the DEA received from HCSO relating to Offense Number 9206120646 ("Uvalde Apt Offense"), including but not limited to a full and complete copy of the facsimile received by DEA agent Ray Daniels (Ex. B)

---

[5] The request was made by lawyers from the law firm of Quarles & Brady, LLP, who are serving as co-counsel.
[6] At one point, the DEA stated that required proof of death of, or authorizations from, the named individuals, which counsel was unable to obtain. However, counsel recently learned that Christopher Shook is deceased.
[7] The report is already included herein as Exhibit C and thus is not included in this exhibit.

3. All files, records, and any other documents in the possession, custody, and/or control of the DEA related to its investigation of the Uvalde Apt Offense and / or the items recovered in the Uvalde apartment.

4. All files, records, and any other documents in the possession, custody, and/or control of the DEA related to, or mentioning the following people, including, but not limited to any investigations into homicides or armed robberies:

    a. Carla Smith (d/o/b: 2/8/67);

    b. Kobie Mendenhall a/k/a Eric Goins (d/o/b: 6/1/71);

    c. Derek Thomas a/k/a Patrick Wayne Benson a/k/a Jerrell Davis (d/o/b: 3/20/71);

    d. Thaddius "Cricket" Goins (d/o/b: 9/12/63);

    e. Carl Anthony Smith (d/o/b: 11/23/59); and

    f. Christopher Jules Shook (d/o/b: 5/1/63).

5. All correspondence, including without limitation emails, facsimiles, letters, and notes, in the possession, custody, and/or control of the DEA between the DEA, the HCSO, HPD and / or the Harris County District Attorney related to the Offense, the items recovered and / or the people listed in item #4.

6. All files, records, and any other documents in the possession, custody, and/or control of the DEA related to the murder weapon, a .44 caliber hand gun (serial number N893047), including any results of any testing or comparisons preformed and / or identification of offenses that may have been committed with it.

7. All files, records, and any other documents in the possession, custody, and/or control of the DEA related to any state or federal prosecutions instituted that have any relationship to the Uvalde Apt Offense and / or the 44 caliber hand gun (serial number N893047).

**Justification For Disclosure**

Mr. Broxton is under a sentence of death for the murder of Sheila Dockens. The very weapon purportedly used in this murder was recovered from people who had no connection to Mr. Broxton under highly suspicious circumstances. Some of the people associated with the apartment where the gun was recovered may prove to be viable alternate suspects or have had associations at the time with someone who might be an alternate suspect. The DEA's interest in the events and people in the Uvalde apartment, and consequently collection of potentially useful information, continued until at least 2000. Information about the people connected to the gun, as

well as the gun itself (e.g. its whereabouts, chain of custody, use in other offenses, ballistics reports) is relevant, and indeed could prove to be critical, to Mr. Broxton's *Brady / Napue*, Ineffective Assistance, and Actual Innocence claims.

Based on the DEA's FOIA Response, it does not appear that any of the requested documents are absolutely exempt from disclosure pursuant to 28 C.F.R. § 12.26(b), in that release of the records would not: violate a statute (§12.26 (b)(1)), violate a specific regulation (§12.26 (b)(2)), or reveal classified information (§12.26 (b)(3). Moreover, with one exception,[8] the requested records do not appear to fall within the discretionary exemptions (§12.26 (b) (4) – (6)). Finally, as discussed fully below, even if some of the records are presumptively protected, application of the factors outlined in 28 C.F.R. § 12.26(c) demonstrates that "the administration of justice requires disclosure".

Administration of justice requires disclosure

As you are aware, 28 C.F.R. § 12.26(c) requires consideration the following factors in determining whether to release presumptively protected documents: (1) the seriousness of the violation or crime involved; (2) the past history of criminal record of the violator or accused (3) the importance of the relief sought, (4) the importance of the legal issues presented; and (5) other matters brought to the attention of the Deputy or Associate Attorney General. With one exception, all of these factors weigh heavily in Mr. Broxton's favor:

(1) *Seriousness of crime involved*: Mr. Broxton's has been convicted of capital murder and currently sits on death row.

(2) *Past history of the accused*: This is the one factor that admittedly does not weigh in Mr. Broxton's favor. He has spent the majority of his life incarcerated, principally for robberies, but also for attempt murder of a police office, arising out of a shooting during a chase. Further, the State has alleged that Mr. Broxton committed other murders and armed robberies and introduced evidence relating to some of these offenses at sentencing. While Mr. Broxton denies that he committed those offenses (in contrast to all of the ones for which he was incarcerated where he pleaded guilty each time) and while they too are subject to challenge in Mr. Broxton's federal habeas petition, we acknowledge that even without them, he has a significant criminal history.

---

[8] Admittedly, disclosure might reveal the fact that Christopher Shook may have been a confidential informant or source for the DEA, the HCSO or another law enforcement agency. However, since he is dead, there would be no reason for the DEA to object. If the other parties of interest were confidential informants or sources, then, given the length of time that has passed and the fact that Mr. Broxton is on death row, disclosure would likely be warranted. However, we also recognize that the status of one of the parties of interest as a confidential informant could be completely irrelevant to Mr. Broxton's case. Should this become an issue, we would be happy to lay out the circumstances / facts that we can contemplate could be at issue and, assuming that this request does not become subject to litigation, accept your determination on the relevancy of the records to Mr. Broxton.

(3) *Importance of relief sought*: This is literally a matter of life or death. If Mr. Broxton is granted relief in federal court, he will be awarded a new trial altogether or at least a new punishment hearing, giving him an opportunity to avoid execution.

(4) *Importance of legal issue presented*: Mr. Broxton is raising claims that his constitutional rights were violated, which is of paramount importance. The fact that the District Attorney's may have violated the dictates of the constitution as set forth in *Brady v. Maryland* (373 U.S. 83 (1963)) and *Napue v. Illinois* (360 U.S. 264 (1959)), also makes this legal issue of significant public import.

(5) *Other matters to consider*: Twenty-two years have passed since the weapon was recovered. The fact that the information relating to the recovery of the weapon was not disclosed to defense counsel at the time in 1992, or even 2001, when a retrial was ordered, has significantly compromised Mr. Broxton's counsel's ability to conduct a full investigation into this matter. Indeed, over the past seven months counsel has spent a lot of time attempting to obtain records and information relating to the events and people, with little success. For example, despite its efforts to do respond to a request we made in October, the HCSO has thus far not been able to locate the complete file relating to its investigation into the Uvalde Apt Offense. The DEA's files may contain some of the missing HCSO documents. Moreover, any information that the DEA developed closer in time to the events is likely to be of tremendous value to Mr. Broxton.

We are willing to consent to conditions to disclosure, such as the entry of an Agreed Protective Order. While we are prepared to litigate the issue of the release of these records, we would prefer to invest the waning time we have remaining before our filing deadline to review the records and follow-up on any leads they may provide information relevant to the federal habeas issues. Accordingly, we respectfully request that you approve disclosure by the DEA of all information and documentation sought in the Request. Such approval will best serve the interests of justice and prevent the unnecessary cost of further motion and discovery practice.

I would be grateful for the opportunity to discuss this request with you and answer any questions. I will be in Houston this week (5/13-5/15) and would be happy to come to your office at a convenient time. I am also available by phone.

Thank you in advance for your consideration of this request.

Best,

 s/Cathryn Crawford

Cathryn Crawford
Counsel for Eugene Broxton

cc: Sam Longoria, Assistant United States Attorney (via email)