# UNITED STATES DISTRICT COURTS
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EUGENE ALVIN BROXTON,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. 4:11-cv-00315** |
| | § | **CAPITAL HABEAS PETITION** |
| **WILLIAM STEPHENS, Director, Texas** | § | **DEATH PENALTY CASE** |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
|     **Respondent.** | § | |

## PETITIONER BROXTON'S UNOPPOSED MOTION FOR LEAVE TO ISSUE SUBPOENAS

Eugene Alvin Broxton, by and through his attorneys of record, and pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases, *inter alia*, respectfully requests that this Court enter an order granting him leave to issue a subpoena to the Houston Police Department ("HPD") to tender police files directly relating to claims he has raised in pending federal habeas petition. HPD, which permitted a preliminary review of the records, is prepared to produce them, but has requested that undersigned counsel obtain a subpoena or court order.

Because of the HPD files may be missing some documents, and in light of recent revelations that HPD homicide detectives may retain portions of files off site, including in private homes[1], Mr. Broxton also seeks leave to issue a subpoena to individual police officers for any documents they have in their possession related to the police files requested herein.

---

[1] Alfred Dewayne Brown served seven years on death row before a Houston homicide detective found an old box of documents from Brown's case while cleaning out his garage that contained phone records supporting Mr. Brown's alibi (he maintained he had made a phone call from his girlfriend's apartment at the time the homicide was committed). *See* http://www.houstonchronicle.com/news/houston-texas/houston/article/Appeals-court-resets-murder-trial-after-finding-5872863.php and http://www.chron.com/houston/article/DA-6314119.php (last visited July 14, 2015) and attached hereto as Exhibit 1.

## I.  Limited Procedural History and Factual Background[2]

Mr. Broxton was indicted for the capital murder of Sheila Dockens, as well as eight other offenses, on July 30, 1991.  CR-01; CR-03.[3]  He was convicted of the capital murder on April 29, 1992 and sentenced to death on May 6, 1992. 34 RR. p. 100; 39RR, pp. 77-75; 40 RR pp 3-4. After Mr. Broxton exhausted his State remedies, this Court granted him relief from his capital sentence due to the admission of improper testimony regarding race. *Broxton v. Johnson*, No. 4:00-cv-01034 (S.D. Tex.), Order dated March 28, 2001, Dkt. No. 25.

On November 14, 2003, after a new sentencing hearing during which the State introduced evidence of some of the additional indicted offenses, Mr. Broxton was again sentenced to death. 17 R-RR pp. 61-62.  Mr. Broxton currently has a federal habeas petition pending before this Court seeking relief from his capital murder conviction and sentence of death, which he is in the process of amending.  *See* ECF No. 9 (2nd Amended Petition) and ECF No. 37 Order (setting a deadline of September 8, 2015 to file a motion for leave to file a 3rd Amended Petition, accompanied by the Petition).

---

[2] A fuller account of the procedural history of this matter, as a fuller explanation of Petitioner's claims and efforts to obtain evidence related thereto, can be found in *Petitioner Eugene Broxton's Partially Unopposed Motion for Extension of Time to File Motion for Leave to File 3rd Amended Petition*, *Broxton v. Stephens*, No. 4:11-cv-00315 ECF No. 35 (filed 12/10/14).

[3] Citations to the original trial court record are "CR" and retrial are "R-CR" followed by the number assigned by the clerk; transcripts of the original trial court proceedings "___ RR p. ___" (volume number, followed by "RR" then page number); the retrial transcript will follow the same format, with the proceedings noted as "R-RR".  The State habeas proceedings following retrial are designated as "___ SCHR-02 ___" (volume number, followed by SCHR-02, followed by page number).  References to the third State habeas proceedings will follow the same format, with the record being designated as ""SCHR-03".  References to the first federal habeas proceedings will include the case number, followed by the docket number ("Dkt. No.___").  References to documents filed in the current proceedings will be made to the electronic court filing number ("ECF No. ___").

## II.      Leave to subpoena HPD

### A.      Requested Records in Possession of HPD

Mr. Broxton seeks leave to issue a subpoena directing the Houston Police Department to produce documents relating to the following offenses, which, with one exception (#11), police alleged Mr. Broxton committed:

1. HPD # 48184191: Complainant: Walter and Gail Vance  5/13/91
2. HPD # 47126691: Complainant: Grady Leon Andrews 5/10/91
3. HPD # 46957191: Complainant: Daniel Andrew Culpepper 5/10/91
4. HPD # 51728291: Complainant: Albert Krigger 5/8/91
5. HPD # 38887991: Complainant: John Gordon Miller 4/19/91
6. HPD # 35914991: Complainant: Larry Smith  4/9/91
7. HPD # 33992491: Complainant: Gary Stuckwisch  4/6 or 9/91
8. HPD # 29371691: Complainant: Elbert Madden 3/24/91
9. HPD # 28027591: Complainant: Glenn Smith 3/21/91
10. Records relating to the HPD's involvement in the investigation into the Docken's murder
11. HPD# 9105170385: Complainant Joel E. Johnson (10/24/88) for attempted murder by Thaddeaus Goins (one of the men associated with the murder weapon).

### B.      Governing Law

In capital cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit he extent of discovery." Rules Governing  §§ 2254 and 2255 Proceedings, Rule 6 (a) (as amended  to 02/01/10).  To show good cause, a petitioner need only put forth "specific allegations that give a court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."" *Teti v. Bender*, 50 F.3d 50, 60 (5th Cir. 2007) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997)); *see also Harris v. Nelson*, 394 U.S. 286, 300 (1969) (same).  Good cause can exist even if a petitioner may be unlikely to eventually obtain evidence through discovery

sufficient to warrant relief. *See Bracy*, 520 U.S. at 903, 907 (finding an abuse of discretion to not permit discovery even when "the probability is slight that a program of depositions aimed at crooks and their accomplices . . . will yield such evidence"). At outlined below, because, with the exception of the Goins police file, the records Mr. Broxton seeks are directly relevant to the HPD's investigation into him, and in light of the fact that the HPD does not object to a subpoena issuing for these records, this limited discovery is warranted.

### C. Good cause exists for a subpoena to issue for records related to extraneous offenses.

In his 2nd Amended Petition, Mr. Broxton alleges that he was denied his 6th amendment right to effective assistance of counsel when defense counsel failed to meaningfully challenge the State's evidence that Mr. Broxton committed several other violent offenses including two other murders, one attempted murder / armed robbery and an armed robbery. In many of the cases, the principal or only evidence of guilt was eyewitness testimony (ECF No. 9, pp. 86-92, Claim III c). The police's identification of Mr. Broxton as the alleged assailant in the extraneous offenses appears to stem from their selection of him as a suspect in a variety of other offenses, beginning with the robbery of a man named Andrew Culpepper on May 10, 1991.[4] A review of the police records reveals that it was in fact Chris Shook, a drug addict who had significant credibility issues and who was the State's star witness, who first gave the police officers Mr. Broxton's name. *See* excerpt from police report, HPD incident # 4695719, attached hereto as Exhibit 2.[5] The police investigation into these other offenses was almost exclusively focused on Mr. Broxton. Indeed, in at least two cases, police were given the names of alternate

---

[4] HPD officers executed a warrant to arrest Mr. Broxton on this offense on May 18, 1991; this arrest ultimately led to the capital murder charge for which he was convicted.

[5] After police found proceeds from the Dockens robbery in his car and a bag that he had hid near Mr. Broxton's apartment, Shook told police that Mr. Broxton, who he allegedly knew for a couple weeks, confessed to these various offenses just after committing them. See 31 DD 46; 32 RR148, 150; 16 R-RR 9-10; Shook statement 5/29/91.

suspects who fit the description of the offender(s), had criminal records, and / or lived (or were seen in) the area in which the offenses were committed, yet the files do not contain any evidence that the police conducted any meaningful investigation into those leads. *See* ECF No. 35 exhibit F, pp. 1-7; 14.

As noted his *Partially Unopposed Motion for Extension of Time to File Motion for Leave to File 3rd Amended Petition*, Mr. Broxton issued a Public Information Act ("PIA") request for the records relating to the extraneous offenses on October 22, 2014, to which the HPD objected. ECF No. 35, p. 23 and Exhibit E, pp. 22-30.[6] The Attorney General of the State of Texas issued a letter opinion on January 21, 2015, upholding the HPD's refusal to tender the majority of the materials in these files under the PIA due to the fact that they had not resulted in a conviction.[7] *See* Letter from Attorney General, 1/21/15, attached hereto as Exhibit 3. Upon receipt of this letter, counsel promptly contacted HPD to determine alternate ways to obtain this information, as well as information relating to a separate PIA request for HPD records related to the Dockens murder.

After several months of working with Ursula Williams, an HPD Staff Attorney, counsel was permitted to review the requested files to determine whether there were documents contained in the HPD file that were not in the District Attorney or trial counsel's file. Counsel spent a day reviewing documents and identified and marked those that had not yet been produced. The Houston Police Department is prepared to copy the designated documents upon receipt of a subpoena or court order and does not object to the issuance of one.

---

[6] Mr. Broxton's response to HPD's objection is at ECF No. 35, Ex. E, pp 27-30.
[7] In fact, the cases against Mr. Broxton for these offenses all remain "open" in the Harris County Court and have essentially been continued indefinitely.

**D. Good cause exists for a subpoena to issue for records related records relating to *Brady / Napue* claims.**

Mr. Broxton has also alleged that the State violated Mr. Broxton's right to due process by failing to disclose, or deliberately withholding, evidence that the murder weapon, along with close to $900,000 and a small amount of drugs, was recovered after a shooting that occurred five weeks *after* Mr. Broxton was sentenced to death. 2nd Am. Pet., ECF No. 9, pp. 43-57, Claim II. Counsel recently learned that Thaddeus Goins, one of the men who lived in the apartment where the murder weapon was found and who possibly brought the gun into the apartment, was alleged to have committed attempt murder with a firearm in 1988 when he allegedly shot a man, causing bodily injury. *See* Ex. 4 (HPD Offense Report 10/24/88). Initially charged with Attempt Murder, Goins pleaded "no contest" to a reduced charge of Aggravated Assault and was sentenced to 5 years of probation on March 23, 1989. *See* Ex. 5 (records from Harris County District Court Cause Number 513761). Mr. Goins' association with the murder weapon, combined with the fact that he may have fit the general description of the Dockens's assailant[8], already makes him a viable suspect; the facts of the attempt murder may make him even more so. Consequently, these records have the potential of yielding evidence and information that will advance Mr. Broxton's argument that someone else committed the murder for which he was convicted.

**III. Leave to issue subpoenas to individual officers**

Mr. Broxton also seeks authorization to issue subpoenas to former HPD officers John W. Belk, Kenneth Williamson and Tommy J. McCorvey, the lead officers /detectives assigned to

---

[8] Counsel expects the full police report to have a description of Goins in 1988. At the time of this filing, counsel has only located a description from 2003, 12 years after the offense. Mr. Goins falls within the height range, but is heavier than the described assailant. However, weight is not a permanent feature and he may have weighed less in 1988.

investigate the offenses listed in section II.A. Normally, police files can be presumed to complete and stored in a central location on HPD property and computer systems. However, detectives sometimes keep personal files on case that may contain other items. *See* Ex. 1, Brian Rogers, *Man sent to death row in officer's killing is freed*, Houston Chronicle, 06/08/15 *and Appeals court resets murder trial after finding evidence withheld*, Lisa Falkenberg, Houston Chronicle 11/04/14 (discussing the Alfred Brown exoneration). In Mr. Brown's case, a retired detective found phone records in his garage, where they had been stored for years, which confirmed Mr. Brown's alibi. Disclosure of these records eventually led to Mr. Brown's exoneration. *Id.*

Phone records may play a role in this case as well. The surviving victim, Waylon Dockens, told police that the assailant used the phone to call someone from the motel during the robbery. The motel phone records, which are no longer accessible, could be in the police detectives' personal files. In addition, although the trial court ordered the preservation of the witness interview notes (*see* CR 16-19) none of these notes are in the HPD files, the DA files or trial counsel files. Further, Detective Belk testified that he identified the various cases to investigate with Mr. Broxton in mind after he had his crime scene analyst perform a "mapper search of all un-cleared murders in that area with a similar mode of operation and print out a copy of each report and to print out a copy of each report." 5 RR pp. 8-10. The HPD file does not contain the survey or reports. Such data, which is virtually impossible to obtain now, may reveal other similar offenses for which other people were later arrested or convicted. Finally, the detective files may contain other records that have direct bearing on alternate suspects and additional witnesses, as well as fact relating to the conduct of (and relationship between) the investigations into the other offenses.

For this reason, and for reasons stated in section II.B. and II.C., above, there is good cause to issue a subpoenas to individual officers, Belk, Williams and McCorvey, for records related to the files referenced above.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Petitioner Eugene Alvin Broxton prays that this Honorable Court enter an Order allowing him to

1) Issue a subpoena to the Houston Police Department for the records relating to the cases listed above.

2) Issue a subpoena to Detectives Belk, Williamson and McCorvey for any documents in their personal possession or control related to the HPD cases listed above.

Hilder & Associates, PC
James G. Rytting
State Bar of Texas No. 24002883
819 Lovett Blvd.
Houston, TX  77006-3905
Tel. (713) 655-9111
Fax (713) 655-9112
James@hilderlaw.com

/s/ Cathryn S. Crawford
Cathryn S. Crawford
State Bar of Texas No. 24077980
510 S. Congress, Suite 208
Austin, TX  78704
Tel. (512) 637-5225
Fax (512) 637-5224
Cathryncrawford5@gmail.com

Quarles & Brady, LLP.
Kenneth H. Haney
Florida Bar No. 190561
Admitted pro hace vice
1395 Panther Lane, Suite 300
Naples, Florida. 34109
Tel (239) 659-5050
Fax: (239) 213-5406
kenneth.haney@quarles.com

COUNSEL FOR EUGENE BROXTON

## CERTIFICATE OF CONFERENCES

I hereby certify that on July 23, 2015 I communicated via email with Ursula Williams, Staff Attorney Houston Police Department, and the HPD does not object to this Court granting the relief requested above

/s/ Cathryn S. Crawford
Cathryn S. Crawford


I hereby certify that on July 23, 2015, I sent a copy of this motion to counsel for Respondent, Assistant Attorney General Katherine Hayes via email.  Ms. Hayes responded via voicemail that the Attorney General does not oppose this motion with the understanding that she will receive copies of the documents.

/s/ Cathryn S. Crawford
Cathryn S. Crawford

**CERTIFICATE OF SERVICE**


      I hereby certify that on the 24th day of July, 2015 a true and correct copy of the foregoing documents was filed with the Court's CM/ECF system, effectuating service on all counsel of record in this case.


/s/ Cathryn S. Crawford
Cathryn S. Crawford

**HOUSTON**

## HOUSTON

# Appeals court resets murder trial after finding evidence withheld

**By Lisa Falkenberg**  |  November 5, 2014  |  Updated: November 5, 2014 3:25pm

1



Photo: Jessica Kourkounis, Contract

fense lawyer Robert

EX. 1



**Blue Bell gets help from oil tycoon**

**Around the area and state: Clerk opens fire at robbery suspects**

**Deputies seek man in fatal stabbing**

Texas' highest criminal court on Wednesday threw out the 2005 conviction and death sentence of Alfred Dewayne Brown after finding that the Harris County District Attorney's Office withheld material evidence favorable to Brown's case.

In a brief order, the Texas Court of Criminal Appeals sent the case back to the lower court for a new trial.

District Attorney Devon Anderson now will have to decide whether to retry Brown for the 2003 death of veteran Houston Police Officer Charles R. Clark. Clark was shot while trying to stop the burglary of a check-cashing store.



New Rule Leaves Drivers Surprised

Why did no one tell drivers about this new rule? If you drive less than **35 miles per day**, you better read this...

Read More

**Past coverage:** Catch up on earlier articles about Alfred Dewayne Brown

On Wednesday, Anderson released a statement saying that the District Attorney's Office discovered that the defense was not provided material information at trial.

"As a result of this review, our office agreed that Mr. Brown should receive relief in his case so that justice could be served," read the statement. "Following our office's agreement that relief should be granted, today the Court of Criminal Appeals sent Mr. Brown's case back to the trial court for a new trial."

However, Anderson stopped short of

**MORE FROM COLUMNIST LISA FALKENBERG**

EX. 1

saying whether she would go to trial
again or dismiss the case.

"I will now carefully review and evaluate the case to determine the appropriate
proceedings," Anderson said in the statement.

Brown had always maintained his innocence, insisting he was at his girlfriend's apartment
the morning of the shooting, and made a land line call that could prove it. But his
attorneys presented no evidence to back up that alibi. And his strongest alibi witness, his
girlfriend, later changed her story and testified against him after being threatened by a
grand jury.

After Brown lost his direct appeal, a private law firm, K&L Gates LLP, took Brown's case
in 2007 and began searching for evidence to support his alibi.

Then, in the spring of 2013, a Houston homicide detective found an old box of documents
from Brown's case while cleaning out his garage. Inside was a phone record that showed a
land line call was made from the girlfriend's apartment exactly when Brown said he made
it.

The phone record had been requested by the lead prosecutor on the case, Dan Rizzo. The
district attorney's office said at the time the document must have been inadvertently
misplaced and former DA Mike Anderson, the late husband of the current district
attorney, quickly agreed to a new trial, although prosecutors still maintain Brown is guilty.

The new trial had to be approved by the court of criminal appeals.



**Lisa Falkenberg**
Columnist, Houston
Chronicle

EX. 1

HEARST *newspapers*

© 2013 Hearst Newspapers, LLC.

EX. 1

 http://www.chron.com/news/houston-texas/article/DA-6314119.php

# Man sent to death row in officer's killing is freed

By Brian Rogers   Updated 10:42 pm, Monday, June 8, 2015



**IMAGE 1 OF 25**

Alfred Brown reaches out to hug Houston Chronicle columnist Lisa Falkenberg, whose coverage of the case helped her win a Pulitzer Prize, after his release from the Harris County Jail on Monday in Houston.



Former death row inmate freed in Houston
Houston Chronicle

Alfred Dewayne Brown had spent more than a dozen years behind bars, many of them sitting on death row, so he had learned to bide his time.

The latest two were spent in jail in Harris County, after the District Attorney's Office agreed that he deserved a new trial in the death of a Houston police officer because evidence that could have helped his defense was withheld. He was still waiting eight months ago, when the highest court in Texas threw out that capital murder conviction.

On Monday, the day he was awaiting, but didn't think was certain, arrived. The day he was declared a free man.

EX. 1

**More on the Alfred DeWayne Brown case**



**Appeals court resets murder trial after finding evidence withheld**

**Man sentenced to die in officer's slaying**

**Brown convicted of killing police officer**

**Officer who watched comrade die testifies at trial**

**Accused killer of police officer goes on trial**

District Attorney Devon Anderson said she was dismissing the case, that she didn't have enough evidence for a new trial, despite protestations from police officials that they had the right man.

"We re-interviewed all the witnesses. We looked at all the evidence and we're coming up short," Anderson told reporters. "We cannot prove this case beyond a reasonable doubt, therefore the law demands that I dismiss this case and release Mr. Brown."

*RELATED:* Read Lisa Falkenberg's Pulitzer Prize-winning columns on the case

Brown's older sister, Connie Brown, who was among family waiting outside the jail Monday night, said she was on the computer at work when she got the news charges had been dropped.

"I was excited, crying, overwhelmed," she said. "What else can I say? God is good."

Seconds later, as Brown emerged in a neon green polo shirt and bright orange sneakers that looked a few sizes too tight, she let out a moan, ran to his arms and cried.

"It feels really good. It was a long wait but it was worth the wait," Brown said, tightly holding onto his sister's hand.

He compared a life in prison to being in a dog kennel. Hardest to bear was being unable to embrace his family, including his daughter who will turn 15 in July.

"You can't reach out and touch someone. You walk around with handcuffs all the time," Brown said.

Brown said he holds no bitterness for the conviction that sent him to death row.

"They law, they did what they felt like was right, even though it was wrong," he said.

Brown understands that some in law enforcement still believe he was responsible for the death of Officer Clark. But, he still maintains he had nothing to do with the murders.

"I went there as an innocent man and I came out as an innocent man," Brown said.

Brown was sent to death row in 2005 for the robbery of a check-cashing business on the southeast side that ended with the fatal shooting of veteran officer Charles R. Clark and store

EX. 1



**Larry Seward**
@LSewardKHOU

Follow

Alfred Brown out jail
7:40 PM - 8 Jun 2015

2

clerk Alfredia Jones on the morning of April 5, 2003.

The Court of Criminal Appeals in November threw out the conviction and death sentence after ruling that his defense team was not given evidence that could have supported his alibi at trial.

That evidence was a copy of a telephone record, found by an investigator who was part of the case.

Brown said he had spent the day alone at his girlfriend's house. Brown's attorney told jurors that he called his girlfriend from her house after seeing television reports of the shooting, but jurors did not see any business record of the call from the land line.

When the phone document was discovered in 2013, the district attorney's office said it had been inadvertently misplaced and sent it to defense lawyers for Brown.

The DA's office later agreed that it was should have been handed over before trial and agreed that Brown deserved a new trial.

In planning for the retrial, Anderson said Monday, prosecutors decided there was no longer enough evidence to secure a conviction.

EX. 1



 **Jessica Willey**
@ImJessicaWilley

Follow

Breaking: #AlfredBrown hugs his family .  Charges
dropped for killing @houstonpolice officer earlier #abc13

7:40 PM - 8 Jun 2015

13        11

Because the case reverts back to an open investigation, Anderson would not answer other questions about the evidence or whether she believes Brown committed the crime.

Anderson did say there is "insufficient evidence to corroborate the testimony of Brown's co-defendant."

"When new evidence is discovered, this office will review it and proceed accordingly," she said. "There is no statute of limitations for capital murder."

Houston Police Chief Charles McClelland and Joseph Gamaldi, vice president of the Houston Police Officers Union, stood with Anderson as she announced to reporters that charges were dismissed, effectively clearing Brown. They both said they still believe he committed the crime.

"I'm convinced that this is the person that we need to focus on," McClelland said. "I haven't seen any evidence that proves or convinces me that this individual is not guilty."

Gamaldi was even blunter.

"Let us be clear: we believed we had the right man at that time, and we believe we have the right man now," Gamaldi said. "That's what the witness statements bared out during the original trial

and that's what we'll stick by."

The two also said that having a conviction overturned does not mean a suspect did not commit the crime.

"For those of you who are saying he has been wrongfully convicted: you're wrong," Gamaldi said. "He wasn't wrongfully convicted. He's just been granted a new trial. There's a big difference."

Anderson said "wrongful conviction" is a term of art that she is not comfortable using, while McClelland rejected the idea that Brown was not involved in the 2003 shooting.

"I caution you in how you describe 'not going forward with the case' or refiling the case and equating that with someone being 'innocent.'" McClelland said. "I will concede he is 'Constitutionally innocent' until proven guilty."

Other lawyers who worked on Brown's appeal said it was the right decision.

"I believed he was innocent the moment I met him, and there's finally justice," said Brian Stolarz, 41, an attorney who handled Brown's case for about five years at the Philadelphia-based firm K&L Gates. "I'm glad justice was finally done. I'm glad it wasn't too late."

Over the years, the lawyer developed a friendship with Brown, whom he says he loves "like a member of my own family."

"After the birth of my kids, this is the greatest day of my life," said Stolarz. "I feel like it was my own personal, professional and even religious duty to get him out."

Brown's conviction relied on testimony from another man who said he was one of three people who robbed the check cashing store and the only one who did not fire a gun.

Dashan Vadell Glaspie was given a 30-year sentence in a plea deal that required he testified against Brown and Elijah Dwayne Joubert.

Joubert was also sent to death row after being convicted of capital murder.

Both men have been transferred to the Harris County jail where they would have been available to talk to investigators and prosecutors tasked with retrying the case.

Monday's decision does mean Brown will be listed as "exonerated" by Maurice Possley, a senior researcher at the National Registry of Exonerations.

"He fits our criteria," Possley said.

He said the requirements for exoneration are that a conviction goes away, either because the



**Robert Arnold**
@kprcrobert

Follow

charges are dismissed or an acquittal at a retrial, and there's evidence that was not available at the first trial that is favorable to the defendant.

Katherine Scardino, Brown's attorney, said she does not know whether her client would have a

EX. 1

compensable claim under the state's wrongful conviction laws.

She also said she was not surprised that police continue to suspect Brown, a soft-spoken man she called a "sensitive and gentle soul."

"I guess they are cops and they don't want to say they got the wrong person," she said. "It's been my experience that when police officers think they got their man, they don't like changing their minds."

*Chronicle reporters Lisa Falkenberg, Mike Glenn and Mike Tolson contributed to this report.*

© 2015 Hearst Communications, Inc.

Return to Top

**About**        |    Our Company    Careers    Advertise with Us    Ad Choices        Terms & Conditions    Privacy Policy
                      Your California Privacy Rights

**Contact**      |    Customer Service    Newsroom Contacts

**Connect**      |    Email Newsletter    Facebook        Twitter      Pinterest        Google        Instagram

**Subscribe**  |    iPad app    HoustonChronicle.com    eEdition Demo    Today's eEdition

© Copyright 2015 Hearst Newspapers, LLC

```
""""",,,,,"",,,,,,""",,,,,,",",""",,,"",,"""",,,,,,,",",,"",,,",",,"""""
```
CURRENT INFORMATION REPORT NON-PUBLIC
```
""""",,,,,"",,,,,,""",,,,,,",",""",,,"",,"""",,,,,,,",",,"",,,",",,"""""
```
HOUSTON POLICE DEPARTMENT                    PAGE 1.001
CURRENT INFORMATION REPORT  Incident no. 046957191 Y
```
""""",,,,,"",,,,,,""",,,,,,",",""",,,"",,"""",,,,,,,",",,"",,,",",,"""""
```

Offense- AGG ROBBERY
UCR Offense codes- 03041/00000/00000
Premises- MOTEL                    Weather- COOL

Location: Street no- 012860  Name- EAST
          Type- FWY     Suffix-    Apt no-
   City-HOUSTON        County-HARRIS        Kmap-496H Dist- 9 Beat- 9C40
Neighborhood code-00428 Desc-WOODLAND ACRES,GREENS BAYOU PARK

 Begin date- FR 05/10/91 Time- 0210 End date-    / /   Time-
Gang crime related-N                     Hate crime related-N
-----------------------------------------------------------------------

                        COMPLAINANT(S)


No-01 Name: Last-CULPEPPER     First-DANIEL     Middle-ANDREW
      Race-W Sex-M Age-22 Hispanic-N
      Address-12509 ST MICHAEL
      Phone: Home-(000) 000-0000 Business-(000) 455-7827 Ext-
      Driver license#-████████          SOCIAL SECURITY-████████
      Force used against complainant- N    DOB- 05/12/68
      Relation to susp-N
      Injured: Taken to-HOME              By-SELF
      Condition-GOOD
-----------------------------------------------------------------------

                          WITNESS(S)

NONE
-----------------------------------------------------------------------

                        REPORTEE(S)

NONE
```


                                                      DA003432

                          EX. 2
```

CLOSE THE DOOR THE SUSP PUSHED HARD TEARING OFF THE COMPLS LEFT
TOENAIL.  THE SUSP THEN STRUCK THE COMPL IN THE FOREHEAD WITH A BLUE
STEEL 4" BBL 22 CAL REVOLVER THE SUSP RANSACKED THE ROOM TELLING THE
COMPL THAT HE WAS A "GEEKER" STREET SLANG FOR A COCAINE ADDICT.  AND
THAT HE NEEDED MONEY.  HE TOLD THE COMPL THAT IF HE DIDN'T TELL ANYBODY
HE WOULDN'T HAVE TO COME BACK AND KILL HIM.  THE SUSP STOLE $72.00 CASH.
HE HAD THE COMPL GO INTO THE BATHROOM OF ROOM #8 WHERE THE COMPL
STAYED UNTIL THE SUSP LEFT.


THE COMPL RECEIVED A LACERATION TO THE TOP OF HIS HEAD ABOUT
1 1/2" ABOVE THE HAIRLINE AND THE TOENAIL OF THE LEFT BIG TOE
TORN AWAY.  HE WAS TREATED AT THE SCENE BY HFD AMB #44.

NO WITNESSES, THE REPORTEE WAS COMP #1.

OFFICERS ACTIONS:  THE OFFICER TALKED WITH OTHER MOTEL PATRONS WHO WERE
IN THE PARKING LOT AT THE TIME OF THE INVESTIGATION AND TALKED WITH
CHRISTOPHER SHOOK: W/M/31; NO PERMANANT ADDRESS, WHO TOLD THE OFFICER
THAT HE KNEW THE DESCRIBED SUSP AS (GENE) AND THAT THE SUSP HAD BEEN AT HIS
ROOM EARLIER.  PRIOR TO THE ROBBER.  HE SAID THAT THE SUSP HANGS OUT
AT THE KEY TRUCK STOP WHERE THE SUSP SELLS CRACK COCAINE.  THIS WAS
NOT A WITNESS TO THE ROBBERY.

THE COMPL TOLD THE OFFICER THAT HE CAN ID THE SUSPECT.

SUSPECTS: ONE/NO ARREST.
EVIDENCE: NONE/PROPERTY: STOLEN $70.00.
DISPOSITION:  OPEN


-------------------------------------------------------------------

                        SUPPLEMENT(S)

-------------------------------------------------------------------


No-0001

Offense- AGG ROBBERY
                        Street location information
Number-    12860 Name-EAST            Type-FWY    Suffix-
Apt no-      Name-NORMANDY        Type-          Suffix-
Date of offense-05/10/91          Date of supplement-05/15/91
Compl(s) Last-CULPEPPER      First-DANIEL   Middle-ANDREW
           Last-
                   Recovered stolen vehicles information
  Stored-                 by-                Ph#- (000) 000-0000
Officer1-SGT. KEN WILLIAMSON  Emp#-033256 Shift-1 Div/Station-HOMICIDE
Officer2-SGT. A.T. HERRMANN   Emp#-000000 Shift-2

**DA003435**

EX. 2



January 21, 2015

Ms. Evelyn Kimeu
Staff Attorney
Houston Police Department
1200 Travis
Houston, Texas 77002-6000

OR2015-01132

Dear Ms. Kimeu:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 550800 (OR No. 14-7134).

The Houston Police Department (the "department") received a request for all information relating to seven specified offenses. The department claims the submitted information is excepted from disclosure under section 552.108 of the Government Code. We have considered the exception the department claims and reviewed the submitted representative sample of information.[1] We have also received and considered comments from the requestor. *See* Gov't Code § 552.304 (providing that interested party may submit comments stating why information should or should not be released).

Initially, the requestor argues the submitted information is not excepted from disclosure because the facts relating to the offenses at issue are already a matter of public record. The Act does not permit the selective disclosure of information. *See id.* §§ 552.007(b), .021; Open Records Decision No. 463 at 1-2 (1987). Section 552.007 of the Government Code provides if a governmental body voluntarily releases information to any member of the public, the governmental body may not withhold that exact information from further disclosure unless its public release is expressly prohibited by law or the information is

---

[1]We assume the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent those records contain substantially different types of information than that submitted to this office.

EX. 3

confidential under law. *See* Gov't Code § 552.007; Open Records Decision No. 518 at 3 (1989). However, section 552.007 does not prohibit an agency from withholding similar types of information that are not the exact information that has been previously released. Upon review, we have no indication the submitted information has been released in its exact form to any members of the public. Accordingly, we find section 552.007 of the Government Code is inapplicable to the submitted information, and we will address the department's arguments against disclosure of this information.

Next, we note the submitted information contains fingerprints, the public availability of which is governed by sections 560.001, 560.002, and 560.003 of the Government Code. Section 560.003 of the Government Code provides, "[a] biometric identifier in the possession of a governmental body is exempt from disclosure under [the Act]." Gov't Code § 560.003; *see id.* § 560.001(1) ("biometric identifier" means retina or iris scan, fingerprint, voiceprint, or record of hand or face geometry). Section 560.002 of the Government Code provides, however, "[a] governmental body that possesses a biometric identifier of an individual . . . may not sell, lease, or otherwise disclose the biometric identifier to another person unless . . . the individual consents to the disclosure[.]" *Id.* § 560.002(1)(A). In this instance, the requestor is the attorney for the individual whose fingerprints are at issue. Thus, the requestor has a right of access to his client's fingerprints under section 560.002(1)(A). The general exceptions found in the Act, such as section 552.108 of the Government Code, cannot impinge on a statutory right of access to information. *See* Open Records Decision Nos. 613 at 4 (1993), 451 at 4 (1986). Therefore, the department must release the requestor's client's fingerprints to him pursuant to section 560.002 of the Government Code.

Section 552.108(a)(2) of the Government Code excepts from disclosure information concerning an investigation that concluded in a result other than conviction or deferred adjudication. Gov't Code § 552.108(a)(2). A governmental body claiming section 552.108(a)(2) must demonstrate the requested information relates to a criminal investigation that concluded in a final result other than a conviction or deferred adjudication. *See id.* § 552.301(e) (governmental body must provide comments explaining why exceptions raised should apply to information requested). The department states the remaining information relates to concluded cases that did not result in conviction or deferred adjudication. Based on the department's representation, we conclude section 552.108(a)(2) is applicable to the information at issue.

Section 552.108, however, does not except from disclosure basic information about an arrested person, an arrest, or a crime. *Id.* § 552.108(c). Basic information refers to the information held to be public in *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). *See* Open Records Decision No. 127 (1976) (summarizing types of information made public by *Houston Chronicle*). Thus, with the exception of basic information, the department may withhold the remaining information under section 552.108(a)(2) of the Government Code.

EX. 3

In summary, the department must release the requestor's client's fingerprints to him pursuant to section 560.002 of the Government Code. With the exception of basic information, which must be released, the department may withhold the remaining information under section 552.108(a)(2) of the Government Code.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

David L. Wheelus
Assistant Attorney General
Open Records Division

DLW/bhf

Ref:   ID# 550800

Enc.   Submitted documents

c:     Requestor
       (w/o enclosures)

       Mr. David R. Cross
       Quarles & Brady
       411 East Wisconsin Avenue, Suite 2350
       Milwaukee, Wisconsin 53202-4426
       (w/o enclosures)

EX. 3

P

HOUSTON POLICE DEPARTMENT        FRONT PAGE
OFFENSE REPORT     Incident no. 087176288 S

Offense- ATTEMPTED MURDER
Premises- PUBLIC PARKING LOT     Weather- CLDY COOL

Location: Street no- 010007  Name- HOMESTEAD
    City-HOUSTON      County-HARRIS      Kmap-454D Dist- 8 Beat- 8C60
Neighborhood code-00115 Desc-FONTAINE PLACE

Begin date- MO 10/24/88 Time- 1215  End date-    / /  Time-

-------------------------------------------------------------------

COMPLAINANT(S)


No-01 Name: Last-JOHNSON     First-E      Middle-JOEL
     Race-B Sex-M Age-   Hispanic-N
     Address-2403 SAKOWITZ
     Injured: Taken to-BEN TAUB     By-HFD #32
     Condition-SERIOUS

-------------------------------------------------------------------


DETAILS OF OFFENSE


COMPLAINANT #1 WAS SHOT BY SUSPECT IN A PUBLIC PARKING LOT.




Officer1: Name-J A HOLMES     Employee no-     Shift-1
Officer2: Name-H A THOMAS     Employee no-     Shift-2

Division/Station #-NE2 PAT2    Unit #-

Call received: Date-10/24/88 Time-1215 Report accepted: Date-10/24/88 Time-0115

EX. 4

SUSPECT(S)

No-01 Disposition-              /          HPD-no-00000000
      Name: Last-GOINS          First-THADDEOS   Middle-CRIKET
      Address-7410 HOUTON
      Race-B Sex-M Age-25-00 Hispanic-N Date of birth-09/12/63

EX. 4

THE STATE OF TEXAS
VS.

THADDIUS GOINS
7410 Howton
Houston, Texas
FELONY CHARGE:
ATT. MURDER/AGG. ASSLT.
CAUSE NO.: 513761
HARRIS COUNTY DISTRICT COURT NO.: 176

SPN: 00455956/7672
DOB: NM/9-12-63

DATE PREPARED: 10-24-88  BY: cr  DA NO.: 345
AGENCY: HPD  O/R NO.: 087176288
NCIC CODE: 1300 93  ARREST DATE: 10-24-88
RELATED CASES:
Vol 99 Page 508 AX GM
BAIL $ 5,000.00
PRIOR CAUSE NO.:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas,

THADDIUS GOINS

hereafter styled the Defendant, heretofore on or about _____ OCTOBER 24, 1988 _____, did then and there unlawfully

intentionally, with the specific intent to commit the offense of MURDER of JOEL E. JOHNSON, hereafter styled the Complainant, do an act, to-wit: shooting the Complainant with a deadly weapon, namely, a firearm, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.
It is further presented that in Harris County, Texas, THADDIUS GOINS, hereafter styled the Defendant, heretofore on or about OCTOBER 24, 1988, did then and there unlawfully intentionally and knowingly cause bodily injury to JOEL E. JOHNSON by using a deadly weapon, namely, a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on _____ 10-24-88 _____

AFFIANT

ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS.

REPORT OF ARREST

Defendant arrested _____ 10-24 _____, 19 88 ; placed in _____ City _____ jail.

Officer        Badge No.        Agency

I hereby certify the above complaint is on file in this office and is pending before the magistrate in said district court; by general orders of the judges of the district courts of Harris County, Texas, bail is set as indicated above, and the Sheriff of Harris County, Texas is to take the defendant in custody and, unless released on bond, have him before the above-named court at 9:00 a.m. on OCTOBER 25th, 19 88.

Issued this _____ 24th _____ day of _____ OCTOBER _____, 19 88.  District Clerk of Harris County, Texas.

By _____, Deputy

RETURN OF RELEASE ON BOND

Defendant was released on attached bond.

Agency        Officer Accepting        Badge #        Date

RETURN OF SHERIFF

On _____, 19____, Defendant was
_____ Released on Bond
_____ Was received in Harris County, Jail

Sheriff of Harris County, Texas

By _____
Deputy        Badge No.        Date

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc; and/or, all blockouts, additions and changes were present at the time the instrument was recorded.

COMPLAINT

EX. 5

# CONDITIONS OF PROBATION

THE STATE OF TEXAS                                IN THE _176th_ DISTRICT COURT
                                                  HARRIS COUNTY, TEXAS
VS.

_Thaddius Goins_                                  CAUSE NUMBER _513761_

On this _23rd_ day of _March_, 19_89_, you are granted _5_ years Probation for the felony

offense(s) of _Aggravated Assault_

in accordance with Section _3d_ of Article _42.12_ of the Texas Code of Criminal Procedure in the _176th_

District Court of Harris County, Texas by the HONORABLE _Brian Rains_,
Judge Presiding. Furthermore, it is the order of this Court that you abide by the following Conditions of Probation during
the term of your Probation:

(a) Commit no offense against the laws of this or any other State or of the United States;

(b) Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden
to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant
to a lawful prescription;

(c) Avoid persons or places of disreputable or harmful character and specifically _____

(d) Report immediately in person on _March 23, 1989_ to the Harris County Adult Probation
Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter on the _____
_23rd day_ of each month to your designated Probation Officer
unless different dates within a calendar month are agreed to by you and your Probation Officer;
_Def. to report twice per month per ISP guidelines_

(e) Work continuously at suitable employment and notify the Probation Officer within 48 hours of any change in
employment status; present written verification of employment (including all attempts to secure employment) once
each month on your reporting date;

(f) Permit the Probation Officer to visit you at your home, employment, or elsewhere;

(g) You are instructed to remain within the limits of Harris County, Texas. You are not to travel outside of Harris County,
Texas or change your place of residence unless you receive prior permission from the Court through your Probation
Officer;

(h) Support all dependents that you now have or that you may acquire during the probation period;

(i) Submit yourself to random urine specimen analysis by authorized personnel for the Harris County Adult Probation
Department, including any department with courtesy supervision jurisdiction; reveal to said authorized personnel
proof of any medication legally prescribed for you prior to submitting specimen. A urine specimen positive for any
controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in adjudication
of guilt or revocation of probation;

(j) Refrain from disorderly conduct, abusive language, or disturbing the peace while present at the office of the Harris
County Adult Probation Department;

(k) Participate in the Community-based program, _____
_____
_____
_____
_____
beginning _____; faithfully follow all guidelines and instructions until successfully discharged or
until further order of the Court;

(l) Participate in a community service program, _____
where you are to perform a total of _____ hours, over a period of _____
months beginning _____

(m) Instead of sentencing you to the Texas Department of Corrections, you are ordered to participate in the Harris
County Adult Probation Department's _Intensive Probation Program_
(ISP), and you will continue to participate in this program until released therefrom by order of the Court;

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

_Spn: 00455956_

EX. 5

CONDITIONS OF PROBATION FOR *Thaddius Goins* CAUSE NUMBER 513761

(n)  Instead of sentencing you to the Texas Department of Corrections, you are committed to the community-based facility, _____ beginning _____. You are to remain in that facility under custodial supervision and comply with all rules, regulations, and contracts of the facility until successfully discharged or until further order of the Court;

(o)  Pay a Supervision Fee to the Harris County Adult Probation Department at the rate of $ *40.00* *April 23, 1989* per month for the entire period of probation beginning _____;

(p)  Make restitution in any sum that the Court shall determine: Pay $ *800.00* at the rate of $ *25.00* per month beginning *April 23, 1989* to _____
*Joel Johnson*
*2403 Sakowitz*
*Hou. Tx 77023*
_____
_____
_____
_____

(q)  Reimburse Harris County for Court appointed Attorney Fees in the amount of $ _____ at the rate of $ _____ per month beginning _____

(r)  Pay a Fine of $ *500.00* and Court Costs of $ *42.00* for a total of $ *542.00* at the rate of *10.00* per month beginning *April 23, 1989*;

Note: All payments are to be paid through the Harris County Adult Probation Department. Personal checks will not be accepted. In the event supervision of your probation is outside Harris County, Texas, you will be responsible for mailing your payments (money order only) directly to the Harris County Adult Probation Department, 49 San Jacinto Street, Houston, Texas 77002.

~~Pay a Laboratory processing fee in the amount of $ _____ per month for duration of probation for urine specimen analysis ordered herein commencing the _____ day of _____.~~

~~Defendant must observe a curfew from 12:00 midnight until 5:00 a.m., seven days per week until further order of this Court.~~

(S)  "Submit yourself to an alcohol/drug evaluation and attend approved treatment program when directed by the Court through the Harris County Adult Probation Department."

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation, alter or modify the conditions of probation. The Court also has the authority at anytime during the period of probation to revoke your probation for violation of any of the conditions of probation.

Signed this *23rd* day of *March*, 19 *89*.

X _____
Probationer's Signature

_____
Probationer's right thumbprint

*Bruce Rains*
_____
Presiding Judge

By *Cheri Schultz* on *3-23-89*
_____          _____
Probation Officer                           Date

MINUTES OF THE _176_ DISTRICT COURT OF HARRIS COUNTY, T E X A S.

AT THE _February_ TERM, A. D. 19 _89_

SPN _0045956_
NCIC _____
TCIC _____

DOB _9-12-63_ RACE _B_ SEX _Male_

_4212/31_

# B I L L   O F   C O S T S

| CLERK'S FEES | | RECAPITULATION | |
|---|---|---|---|
| Clerk's Fee............... | | Fine............... | _500.00_ |
| | | Jail............... | |
| **SHERIFF'S FEES** | | Misc. Cost............... | |
| | | Trial Fee............... | |
| Serving _____ Capias & Mileage...... | | District Atty's Fees............ | |
| Summoning_____ Witness and Mileage... | | Clerk's Fees............... | |
| Jury Fee............... | | Sheriff's Fees............... | |
| Taking _____ Bonds ............... | | Jury Fee............... | |
| Commitment............... | | Crim. Justice Planning Fund.... | _20.00_ |
| Release............... | | L.E.O.S.E.F............... | _1.00_ |
| Attachment ............... | | C.V.C.F............... | |
| | | D.C.L.C.F............... | _20.00_ |
| | | Attorney Fees ............... | |
| | | J.C.P.T.F............... | _1.00_ |
| | | Video............... | |
| | | **WITNESSES** | |
| TOTAL............... | | JAIL CREDIT: _NA_ DAYS____ | _542.00_ |
| | | TOTAL............... | |

---

NO. _513761_

THE STATE OF TEXAS VS.
_Thaddeus Owens_

PROBATION ORDER AND DEFERMENT
OF ADJUDICATION OF GUILT

Date _MAR 23 1989_ 19____

STATE'S EXHIBIT 4
LH 1/18/91

Attorney for State      :   Asst. Dist. Atty _Harry Lawrence_

Attorney for Defendant  :  _Ealy Bennett_         [ ] Appointed    [X] Retained

Waiver of Attorney [ ] : _N/A_  The Defendant knowingly, intelligently and voluntarily waived
the right to representation by counsel

Offense: _Attempted murder and Aggravated Assault, but upon motion of the State the first paragraph was abandoned, The defendant on Trial for Aggravated Assault._

Plea to Offense: _No Contest_     Plea to Enhancement: _NA_

ADJUDICATION OF GUILT DEFERRED, DEFENDANT PLACED ON PROBATION FOR _5_ YEARS AND A FINE OF $ _500.00_

COURT ORDERED FINE AND/OR COSTS PAYABLE ON OR BEFORE _____ day of _Installments_ 19____

COURT ORDERED FINE AND/OR COSTS OF $ _542.00_ AT THE RATE OF $ _10.00_ PER MONTH BEGINNING, FIRST PAYMENT DUE _23_ DAY OF _____ 19_89_ AND ON THE SAME DAY OF EACH MONTH THEREAFTER UNTIL SATISFIED. IF SAID DEFENDANT SHOULD DEFAULT ON ANY PAYMENT AS OUTLINED, SAID DEFENDANT SHALL BE COMMITTED TO JAIL UNTIL REMAINING AMOUNT IS FULLY PAID.

Date of Offense: _10-24-88_     Credit: _NA_     day(s) confinement in jail

The Defendant having been indicted/~~charged by information~~ in the above entitled and numbered cause for the felony offense indicated above and this cause being this day called for trial, the State appeared by her District Attorney as named above, and the Defendant named above appeared in person and either by counsel as named above or waived counsel as indicated above, and both parties announced ready for trial. The said Defendant elected to proceed under Article 42.12, Section 3d of the code of Criminal Procedure, and, in open court, jury having been waived, the Defendant was duly arraigned, pleaded as indicated above to the charge as shown above.

Thereupon the Defendant was admonished by the Court of the consequences of the said plea, and the Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant was sane and that he was uninfluenced by any consideration of fear, or persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court and is here entered of record upon the minutes. The Defendant having in open court, in writing, waived the appearance, confrontation,

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

_VOL. 120  PG. 96_     _999/CC_

C5

EX. 5

and cross-examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence; and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause, the said plea of the Defendant was received and entered of record upon the minutes.

[ X ] The Defendant, in person, in writing, and in open court, with the written agreement of the court, waived his right to the preparation of a pre-sentence report prepared by the Probation Officer, such waiver having been filed in the papers of the cause.

[ ] The Defendant not having waived the preparation of a pre-sentence report by the Probation Officer, the Court directed the Probation Officer to prepare such a report.

On the _23_ day of _March_, A. D. 198_7_, the trial proceeded before the Court, and after the evidence was submitted and the argument of counsel thereon, the Court found that such evidence substantiates the Defendant's guilt in this cause, and further found that the best interests of society and of the defendant would be served by deferring proceedings without entering an adjudication of guilt and placing the Defendant on probation in this cause.

It is THEREFORE, CONSIDERED, ORDERED AND ADJUDGED, that in accordance with Article 42.12, Section 3d of the Code of Criminal Procedure, no judgment shall be entered in this cause, and that the Defendant be, and he is hereby placed on probation in this cause for a period of _Seven_ from this date, on the following terms and conditions to-wit:

(a) Commit no offense against the laws of this State or of any other State or of the United States;
(b) Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;
(c) Avoid persons or places of disreputable or harmful character and specifically

(d) Report immediately in person on _____ to the Harris County Adult Probation Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter on the _____ of each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;
(e) Work continuously at suitable employment and notify the Probation Officer within 48 hours of any change in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;
(f) Permit the Probation Officer to visit you at your home, employment, or elsewhere;
(g) You are instructed to remain within the limits of Harris County, Texas. You are not to travel outside of Harris County, Texas or change your place of residence unless you receive prior permission from the Court through your Probation Officer;
(h) Support all dependents that you now have or that you may acquire during the probation period;
(i) Submit yourself to random urine specimen analysis by authorized personnel for the Harris County Adult Probation Department, including any department with courtesy supervision jurisdiction; reveal to said authorized personnel proof of any medication legally prescribed for you prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in adjudication of guilt or revocation of probation;
(j) Refrain from disorderly conduct, abusive language, or disturbing the peace while present at the office of the Harris County Adult Probation Department;
(k) Participate in the Community-based program, _____

(l) Participate in a community service program, _____ where you are to perform a total of _____ hours, over a period of _____ months beginning _____;
(m) Instead of sentencing you to the Texas Department of Corrections, you are ordered to participate in the Harris County Adult Probation Department's _____ (ISP), and you will continue to participate in this program until released therefrom by order of the Court;
(n) Instead of sentencing you to the Texas Department of Corrections, you are committed to the community-based facility, _____. You are to remain in that facility under custodial supervision and beginning _____. and contracts of the facility until successfully discharged or comply with all rules, regulations, and contracts of the facility until successfully discharged or until further order of the Court;
(o) Pay a Supervision Fee to the Harris County Adult Probation Department at the rate of $_____ per month for the entire period of probation beginning _____;
(p) Make restitution in any sum that the Court shall determine: Pay $_____ at the rate of $_____ per month beginning _____; to _____

(q) Reimburse Harris County for Court appointed Attorney Fees in the amount of $_____ at the rate of $_____ per month beginning _____;
(r) Pay a Fine of $_____ and Court Costs of $_____ for a total of $_____ at the rate of $_____ per month beginning _____;

Signed and entered this the _23_ day of _March_, A. D. 19_89_.

PROBATION EXPIRES _3-22-94_

_C A C_

_____
Judge, _176_ District Court
of Harris County, Texas

CLERK OF THE COURT FURNISHED THE PROBATIONER WITH A COPY OF THE TERMS & CONDITIONS OF PROBATION.

_All Conditions_
_____
Signature of Defendant
_Attached_

C6

EX. 5

THE STATE OF TEXAS

VS.

THADDIUS GOINS      SPN: 0873-12-83

7410 Houston      DOB:

Houston, Texas

FELONY CHARGE:

ATT. MURDER/AGG. ASSLT.

CAUSE NO.: 513761

HARRIS COUNTY DISTRICT COURT NO.: 176

DATE PREPARED: 10-24-88     BY: cr     DA NO.: 346

AGENCY: HPD     O/R NO.: 087176288

NCIC CODE: 1300 93     ARREST DATE 10-24-88

RELATED CASES:

*State #1*

BAIL $ 5,000.00

PRIOR CAUSE NO.:

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, I

THADDIUS GOINS

hereafter styled the Defendant, heretofore on or about      OCTOBER 24, 1988     , did then and there unlawfully

intentionally, with the specific intent to commit the offense of MURDER of JOEL E. JOHNSON, hereafter styled the Complainant, do an act, to-wit: *abandon 1TP* shooting the Complainant with a deadly weapon, namely, a firearm, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.

It is further presented that in Harris County, Texas, THADDIUS GOINS, hereafter styled the Defendant, heretofore on or about OCTOBER 24, 1988, did then and there unlawfully intentionally and knowingly cause bodily injury to JOEL E. JOHNSON by using a deadly weapon, namely, a firearm.

*ST motion to abandon 1ST TP - only.*

F I L E D

RAY HARDY

MAR 23 1989

Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on Oct 24, 1988

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 5 yrs. TDCJ + 500.00 fine + Rest of $800.00 to Joel Johnson and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled.

2103 Sakowitz H, Tx 77023

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photocopy, discolored paper, etc. and/or all blackout additions and changes were present at the time the instrument was recorded.

DEFENDANT X Thaddius Goins

Sworn and Subscribed before me on MAR 23 1989

HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutor's recommendation as to punishment. I waive any further time to prepare for trial to which the defendant may be entitled.

(DEFENDANT'S ATTORNEY (PRINT))

SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence.

Harry Tauner

ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of this case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

JUDGE PRESIDING

No Contest

PLEA OF GUILTY

EX. 5

INTERVIEW REPORT 990    HARRIS COUNTY PRETRIAL SERVICES AGENCY

| CHARGE | 1 | | | 3 | SPN. NO. 455956 |
|---|---|---|---|---|---|
| BOND | | Crim Act N 5000 | | | Presently On: |

Probation: Yes ☐ No ☐
Parole: Yes ☐ No ☐

COURT CAUSE NO. 176 513761

| LAST NAME | FIRST | MIDDLE | Race | Sex | Age | D.O.B. | P.O.B. | U.S. Citizen |
|---|---|---|---|---|---|---|---|---|
| Goins | Thaddius | | B | M | 24 | 9-19-63 | Houston | Yes |

Alias Name "Cricket" or HPD    Marital Status Sing    Arrest Date 10-23-88    Interview Date 10-24-88    Interview Location HJA    Time 0515

| ADDRESS 7410 Howton | CITY Houston | STATE Tx | ZIP 77028 | APT. Case | TELEPHONE 633-4503 |
|---|---|---|---|---|---|

How Long At Current Address? 22 Yrs. Mos.    How Long In County? life Yrs. Mos.    ATTORNEY OF RECORD    TELEPHONE

Currently Living With ☐ Relative ☐ Friend
☐ Self ☑ Spouse ☐ Parent(s) ☐ Guardian ☐ Child    No. of Children 0

PRIOR ADDRESS c/o

NAME Lorraine Goins    ADDRESS

WORK-PHONE NO. 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 4 MATCH BOOK    Relationship mother    PHONE NO. ( )    Does Contact Still Reside ☐ Yes ☐ No

Social Security No. 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    D. L. No. NO    D. L. State    S.O. No. 231815    F.B.I. No. 35625 2FA7    D.P.S. No. 3662975

Do You Expect Someone in Court? ☐ Yes ☐ No ☐ Unsure    IF YES→    LAST NAME    FIRST    RELATIONSHIP

CURRENT EMPLOYMENT STATUS
☐ Emp. Full Time ☐ Student
☐ Emp. Part Time ☐ Training
☐ Disabled ☐ Program
☐ Unemployed ☐ Other
Support How Many?

EMPLOYER/SCHOOL/TRAINING PROGRAM
Wade Cal Conn Yes
7413 Howton
Address

IF UNEMPLOYED—HOW SUPPORTED
☐ Welfare ☐ Unemployment Comp.
☐ Other
LENGTH OF UNEMPLOYMENT
Yrs. Mos.

Education Level 13567    Telephone No.    Position Yard once

Take Home Pay 300 per WK    Length of Employment Yrs. Mos.    SUPERVISOR Wade

| PREVIOUS EMPLOYER | How Long | PRIOR ADDRESS | PHONE NO. | SUPERVISOR |
|---|---|---|---|---|

FIRST ARREST ☐ Yes ☑ No    PRIOR CONVICTIONS    Felonies    Misdemeanors    Violations    Open Cases    WARRANTS OUTSTANDING/HOLDS ☐ None

OPEN CASES HPD try Check

| | ARREST DATE | LOCATION | CHARGE | NAME USED | CAUSE NO. | DISPOSITION |
|---|---|---|---|---|---|---|
| 1. | 12-6-82 | HC | DWI | Δ | 4-658042 | 2yr Prob |
| 2. | 12-5-86 | HC | Theft | Δ | 8 1923933 | 60 days HCJ |
| 3. | | | | | | |
| 4. | | | | | | |

REFERENCES

| | NAME | RELATIONSHIP | ADDRESS | PHONE NO. | CONTACT |
|---|---|---|---|---|---|
| 1 | Virginia Thomas | (aunt) | | 442-5363 | ☐ Yes ☐ No |
| 2 | | | | | ☐ Yes ☐ No |
| 3 | | | | | ☐ Yes ☐ No |
| 4 | | | | | ☐ Yes ☐ No |

INTERVIEWER 972841    VERIFIER    WITH WHOM VERIFIED?

Court Appearance Date
48 Hour Hearing    Ex. Tr.    Arr.    CCCL

24 Hour Result: ☐ Approved ☐ Denied ☐ Under 4 ☐ Surety
48 Hour Result: ☐ Approved ☐ Denied ☐ Under 4 ☐ Surety

WHICH ITEMS HAVE BEEN VERIFIED?
☐ Current Address ☐ Length of Residence ☐ Warr. ☐ I.D. ☐ Person(s) Defendant Lives With ☐ Current Empl. Status ☐ Phone ☐ None

| COMMUNITY TIE INDEX | T | F | UNRESOLVED CONFLICT |
|---|---|---|---|
| 1. Defendant has Harris County area address AND one or more defendant's responses to "Lives With", "How Long At Current Address", or "Employment/School/Training" verified. | L | | |
| 2. Defendant has a phone in his/her residence. | L | | |
| 3. Defendant has lived in Harris County one year or more. | L | | |
| 4. Defendant expects someone in court (not complainant or attorney). T for yes only. | | | |
| 5. Defendant lives with parent(s), spouse, or children. | L | | |
| 6. Defendant is employed, in school, or in training program full time. | L | | |
| 7. Defendant has NO previous convictions (—1 pt. for each prior conviction, waive 1st misd). | -1 | | |

TOTALS (ADD UP "TRUES") → +5

DISTRIBUTION:
White—Court
Canary—PTSA
Pink—DA

RECORDER'S MEMORANDUM: At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. and/or blockouts, additions and changes were present at the time the instrument was recorded.

DENIED    FILED    OCT 26 1988    APPROVED

Date    Deputy

JUDGE

(F)