UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE BROXTON, | § | |
| Petitioner, | § | |
| | § | No. 4:11-cv-00315 |
| v. | § | |
| | § | |
| LORIE DAVIS, Director, | § | DEATH PENALTY CASE |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## RESPONSE TO PETITIONER'S ADVISORY

On October 30, 2015, the Court granted Broxton's unopposed motion to stay federal habeas proceedings while he pursued DNA testing and a possible successive habeas petition in state court. (Order, ECF No. 55). Four years later, on October 29, 2019, the Court ordered Broxton to file an advisory explaining inter alia the status of any on-going state court litigation and what efforts he has made to litigate diligently in state court. (Order, ECF No. 63). Broxton filed his advisory on November 15, 2019. (Advisory, ECF No. 67). This limited response follows.

Respondent Lorie Davis (the Director) disputes that Broxton has acted with diligence since the Court granted a stay. Over six months have elapsed since the Harris County Institute of Forensic Sciences (HCIFS) "delivered a report to counsel" in late May 2019 regarding Y-STR testing. (Advisory, ECF No. 67 at 6). Broxton asserts that HCIFS "promised to send a second report,"

*see id.*, but that appears to have already occurred.[1] Broxton also generally asserts that lab notes and materials received in July 2019 are "currently under review," *id.*, his open-ended assertions of continued review do not justify his failure to get the case moving in state court. The State should not be required to wait indefinitely while Broxton contemplates whether any additional testing or avenues should be pursued where he has had four years to do so already.

Additionally, Broxton states that he has "not concluded his Chapter 64 proceedings" and "is entitled to a hearing in state district court." (Advisory, ECF No. 67 at 7). He cites Tex. Code Crim. Proc. art. 64.03(d) for this proposition, but the provision has nothing to do with a hearing. As the Court of Criminal Appeals has held: "Nothing in Chapter 64 requires the trial court to conduct a hearing" on a motion for DNA testing. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). Instead, where DNA testing has been conducted, Article 64.04 requires a hearing:

> After examining the results of testing under Article 64.03 and any comparison of a DNA profile under Article 64.035, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.

Tex. Code Crim. Proc. art. 64.04. To date, Broxton has not moved the convicting

---

[1]     Harris County Assistant District Attorney Shawna Reagin confirms that the initial Y-STR report was emailed to the parties on May 24, 2019, and that a second report was issued on May 31, 2019.

court for a hearing under Article 64.04.

If the Court continues the stay, the Director believes that it should impose several deadlines on Broxton. Specifically, the Court should order that Broxton (1) move the convicting court for an evidentiary hearing under Article 64.04 within the same ten days; and (2) file by March 13, 2020, an Advisory with this Court (not ex parte or under seal) that includes a copy of the results of the state court Article 64.04 hearing.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Katherine D. Hayes
KATHERINE D. HAYES
Assistant Attorney General
   *Counsel of Record*
Criminal Appeals Division
Texas Bar No. 00796729

Office of the Texas Attorney General
P. O. Box 12548, Capitol Station
Austin, TX 78711
Tel. (512) 936-1400
Fax (512) 320-8132
katherine.hayes@oag.texas.gov

COUNSEL FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that on December 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

James Rytting                  Joshua Freeman
Hilder Associates PC           Assistant Federal Public Defender
819 Lovett Boulevard           Federal Public Defender's Office
Houston, TX 77006              Western District of Texas
Tel. (713) 655-9111            919 Congress Ave., Suite 950
Fax (713) 655-9112             Austin, TX 78701
james@hilderlaw.com            Tel. (737) 207-3010
                               Fax (512) 499-1584
                               joshua_freiman@fd.org

                               /s/ Katherine D. Hayes
                               KATHERINE D. HAYES
                               Assistant Attorney General