IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EUGENE BROXTON, § § § Petitioner, § § v. § CAUSE NO. H-11-315 § § BOBBY LUMPKIN, Director, Texas § Department of Criminal Justice, Correctional § CASE INVOLVING THE DEATH Institutions Division, § PENALTY § § Respondent. § | |

**ADVISORY REGARDING STATE COURT PROCEEDINGS**

Mr. Broxton's habeas proceedings in this Court are stayed so that he may seek DNA testing, and, if warranted, file a subsequent habeas application in state court. ECF No. 55.

On December 20, 2021, Mr. Broxton filed an advisory, notifying the Court that he had submitted his subsequent state habeas application to the state court. ECF No. 75; *see also* ECF No. 76 (notifying the Court that the state habeas application was filed on December 21, 2021).

Mr. Broxton's state application raised eleven claims for relief from his conviction and sentence, including a claim that he is entitled to relief under Article 11.073 of the Texas Code of Criminal Procedure based on newly available DNA evidence (Claim 4). He now notifies the Court that, on September 28, 2022, the Texas Court of Criminal Appeals remanded Mr. Broxton's DNA claim to the state trial court for a review on the merits. *Ex parte Broxton*, No. WR-42,781-04, 2022 WL 4488535 (Tex. Crim. App. Sept. 28, 2022) (designated for publication).

Article 11.073 is a remedy created by Texas law that "applies to relevant scientific evidence that was not available to be offered by the defendant at trial, or that contradicts scientific evidence relied on by the State at trial." *Id.* at *2 (citing Tex. Code Crim. Proc. art. 11.073(a)). "Article

1

11.073 provides a new legal basis for habeas relief in the small number of cases where an applicant can show by the preponderance of the evidence that he would not have been convicted if the newly available scientific evidence had been presented at trial." *Id.* at *1 (citing *Ex parte Robbins*, 478 S.W.3d 678, 690 (Tex. Crim. App. 2014)).

The CCA determined that Mr. Broxton "has alleged prima facie facts sufficient to invoke Article 11.073," and his DNA-based claim "meets the requirements of Article 11.071 § 5(a)." The CCA remanded the DNA-based claim to the trial court for a review on the merits.[1] If the trial court recommends relief should be granted after holding proceedings on remand, and the CCA adopts that recommendation, Mr. Broxton would be entitled to a new trial.

Mr. Broxton therefore urges the Court to continue to stay the federal habeas proceedings and hold the case in abeyance pending the outcome of the state court proceedings.

---

[1] The court dismissed all other claims under the Texas abuse of the writ bar, Article 11.071, Section 5(a). *Id.* at *2 ("The remaining claims do not meet the requirements of Article 11.071 § 5(a) and should not be reviewed [by the trial court on remand].").

|  |  |
|---|---|
| | Respectfully submitted, |
| */s/ James Rytting* | MAUREEN SCOTT FRANCO |
| James Rytting | Federal Public Defender |
| Hilder Associates PC | Western District of Texas |
| State Bar No. 24002883 | TIVON SCHARDL |
| 819 Lovett Boulevard | Chief, Capital Habeas Unit |
| Houston, Texas 77006 | |
| Tel. (713) 655-9111 | */s/ Joshua Freiman* |
| Fax (713) 655-9112 | JOSHUA FREIMAN |
| james@hilderlaw.com | Federal Bar No. 3342395 |
| | NY Bar No. 5353545 |
| | Assistant Federal Public Defender |
| | 919 Congress Ave., Ste. 950 |
| | Austin, Texas 78701 |
| | Tel. (737) 207-3010 |
| | Fax (512) 499-1584 |
| | joshua_freiman@fd.org |

*Counsel for Petitioner Eugene Broxton*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I filed the foregoing advisory using the CM/ECF system which will give electronic notification to the following:

Georgette Hogarth
Assistant Attorney General
Office of the Attorney General
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, TX 78711
Tel.: (512) 936-1400
Email: georgette.hogarth@oag.texas.gov

*/s/ Joshua Freiman*
Joshua Freiman